**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vital Pharmaceuticals Incorporated, | No. CV-22-00591-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| PepsiCo Incorporated, | |
| Defendant. | |

Plaintiff Vital Pharmaceuticals Incorporated ("VPX") and Defendant PepsiCo Incorporated entered into a Distribution Agreement ("DA") in March 2020. (Doc. 13-1.) The parties agreed to arbitrate disputes arising out of the DA before the American Arbitration Association ("AAA") under its Commercial Arbitration Rules in New York before a panel of three arbitrators. (*Id.* at 25.) The DA provides the following method for appointing arbitrators:

> One arbitrator will be nominated by [VPX], one will be nominated by [PepsiCo], with each nomination being made no more than five (5) days following the date of notice of the dispute. The third arbitrator will be the chairman, and will be nominated by the first two. If the first two are unable to agree, the arbitral institution will appoint the third.

(*Id.*)

In November 2020, PepsiCo initiated arbitration against VPX. (Doc. 1 ¶ 23.) Consistent with the DA, PepsiCo and VPX each appointed an arbitrator, and the AAA

appointed the third. (*Id.* ¶ 24.)

The arbitral panel bifurcated the proceedings in two phases. Liability issues and PepsiCo's demands for injunctive relief were assigned to Phase 1; damages issues to Phase 2. (Doc. 23-3 at 4-5.) Phase 1 was held in July 2021. It resulted in a unanimous decision in favor of PepsiCo on a number of issues, though the arbitral panel deferred resolution of several liability issues to Phase 2, at least in part because it determined that more information was needed. (*See* Doc. 16-2 at 95-96.) Phase 2 is scheduled to begin on June 20, 2022. (Doc. 28 at 9.)

In January 2022—after the arbitral panel issued its decision in Phase 1, but before the start of Phase 2—the arbitrator appointed by PepsiCo disclosed to the AAA a professional relationship with PepsiCo's counsel's firm. (Doc. 23-3 at 47.) On March 1, 2022, the AAA disqualified PepsiCo's arbitrator and directed PepsiCo to appoint a substitute arbitrator. (*Id.* at 41.) PepsiCo did so on March 24, 2022, and the AAA appointed the substitute arbitrator on April 1, 2022. (*Id.* at 68, 84.)

VPX subsequently objected to PepsiCo's substitute appointment, arguing that PepsiCo should not have been permitted to appoint a substitute in the first place, that PepsiCo's appointment was untimely, and that the substitute arbitrator should be disqualified. (Doc. 28-1 at 19-24.) After receiving full briefing, the AAA overruled VPX's objections and reaffirmed the appointment of PepsiCo's substitute arbitrator on April 20, 2022. (Doc. 23-3 at 78.)

Before the AAA ruled on its objections to PepsiCo's substitute appointment, VPX filed this lawsuit, petitioning the Court to remove PepsiCo's substitute arbitrator, appoint a replacement arbitrator pursuant to Section 5 of the Federal Arbitration Act, 9 U.S.C. § 5, and order the entire arbitration to begin anew. (Docs. 1, 13.) VPX separately filed a motion for the appointment of a new arbitrator (Docs. 14, 23), which is fully briefed (Docs. 24, 28, 30, 33). Because VPX's motion seeks the same relief as its petition, resolution of the motion will be dispositive of this case.

Section 5 grants the Court limited authority to "facilitat[e] arbitration when impasse

in selection of an [arbitrator] has been reached." *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 814 F.2d 1324, 1329 (9th Cir. 1987). The Court may exercise this authority in three circumstances: (1) if the parties have agreed to no method for appointing an arbitrator, (2) if the parties have agreed to a method of appointment but have failed to use it, or (3) "if for any other reason there shall be a lapse in the naming of an arbitrator[.]" 9 U.S.C. § 5. VPX argues that this case falls in the first category because, while the parties agreed to a method for *initially* appointing arbitrators, they did not agree to a method for appointing *substitutes* in the event of a disqualification, nor do the AAA Commercial Arbitration Rules provide such a procedure. (Doc. 16 at 15-16; Doc. 33 at 3-7.)

The Court denies VPX's motion for the appointment of an arbitrator for two independent reasons.

*First*, by the time VPX filed the present motion, the AAA had confirmed PepsiCo's substitute appointment and set this matter for a final hearing before a fully constituted panel. VPX essentially asks this Court to manufacture a vacancy by first removing PepsiCo's substitute arbitrator, but VPX fails to explain how Section 5 authorizes the Court to do so. This procedural posture is more akin to *Adam Technologies International S.A. de C.V. v. Sutherland Global Services., Inc.*, 729 F.3d 443, 451 (5th Cir. 2013), in which the Fifth Circuit affirmed the district court's order declining to appoint an arbitrator because, at the time the Section 5 motion was filed, "an arbitration panel had been empaneled, and a final hearing date was set to resolve the underlying issue."

Nor do VPX's objections to the method of appointment change things. The petitioner in *Adam* argued that the district court was required to reach the merits of his petition because the International Centre for Dispute Resolution—the international arm of the AAA—failed to follow the parties' agreed-upon method for appointing arbitrators. The Fifth Circuit rejected this argument, as well, explaining that the petition essentially was advancing a challenge to the arbitration procedure, and the law presumes that such procedural questions are for the arbitrator to decide. *Id.* at 452.

"[I]t is well established that a district court cannot entertain an attack upon the

qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award." *Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 414 (2d Cir. 1980). "The Arbitration Act does not provide for judicial scrutiny of an arbitrator's qualifications to serve, other than in a proceeding to confirm or vacate an award, which necessarily occurs after the arbitrator has rendered his service." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174 (2d Cir. 1984). VPX's challenge is best understood as a challenge to the qualifications of PepsiCo's substitute arbitrator to serve—namely, that he is not qualified because he was not appointed through the proper procedures. VPX may not raise that issue in the context of a Section 5 petition, but must instead raise it in a proceeding to confirm or vacate a final award after the arbitral panel has completed its service.

*Second*, even if Section 5 gave the Court authority to remove an arbitrator in order to manufacture a vacancy to fill, VPX's argument fails on its merits because the parties agreed to a method of appointing arbitrators. The DA expressly incorporates the AAA Commercial Arbitration Rules.[1] Rule 18 provides that an arbitrator may be disqualified for partiality or lack of independence (as happened here), and Rule 20 provides that if an arbitrator is unable to perform the duties of the office, the resulting vacancy shall be filled in accordance with the AAA's rules.[2] Rule 13 governs direct appointment by a party and provides that, when the parties have agreed to a method of appointment, it shall be followed. Where the agreement specifies a time within which an arbitrator must be appointed and a party fails to do so, the AAA makes the appointment. Where the agreement does not specify a timeframe, the AAA must notify the party to make the appointment and if the party fails to do so within 14 days, the AAA makes the appointment.

Here, Rule 13 applies because the DA contains a method of appointing arbitrators:

---

[1] The AAA Commercial Arbitration Rules are publicly available at https://www.adr.org/sites/default/files/CommercialRules_Web-Final.pdf.

[2] VPX argues that there is a difference between being disqualified and being unable to serve, and between filling a vacancy and making a substitute appointment. VPX's highly idiosyncratic reading of these rules is unpersuasive. If an arbitrator is disqualified, he necessarily is unable to serve; when an arbitrator is disqualified, it necessarily creates a vacancy; and the Court discerns no meaningful difference between filling a vacancy and making a substitution when a vacancy occurs as a result of disqualification.

each party appoints one member of the arbitral panel, with the third being appointed by the AAA. (Doc. 13-1 at 25.) Because PepsiCo's initial appointment was disqualified, it makes eminent sense that PepsiCo would be tasked with nominating a successor. Although the DA specifies that the parties must make their appointment within five days of the date of notice of the dispute, that time frame necessarily cannot apply to substitute appointments that occur during the arbitration, which is why the AAA instead notified PepsiCo to make an appointment.[3] Because the parties—via the express provision in the DA and the related incorporation of the AAA Commercial Arbitration Rules—agreed to a method of appointing arbitrators, and a full panel of arbitrators has been appointed, Section 5 relief is unwarranted.

Lastly, the Court denies VPX's motion for an order directing that the arbitration begin anew. In arguing for such relief, VPX "relies on the general rule that where one member of a three-person arbitration panel dies before the rendering of an award and the arbitration agreement does not anticipate that circumstance, the arbitration must commence anew with a full panel." *Trade & Transport, Inc. v. Nat. Petroleum Charterers Inc.*, 931 F.2d 191, 194 (2d Cir. 1991). But this reliance is misplaced because this case is not governed by the "general" rule. By entering into the DA, the parties instead agreed that the AAA's Commercial Arbitration Rules apply, and Rule 20(c) provides that "[i]n the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings." Here, the arbitral panel exercised its discretion not to repeat the prior proceedings. Accordingly,

---

[3] It is true that PepsiCo did not make its selection within 14 days, but VPX's timeliness objection goes to whether the AAA faithfully followed the agreed-upon procedure, not to whether there was an agreed-upon procedure in the first place. In any event, Rule 8 of the AAA Commercial Arbitration Rules states that all rules shall be interpreted and applied by the AAA, and here the AAA considered and overruled VPX's untimeliness objection. The Court has no warrant to disturb the AAA's interpretation of its own rules. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002) ("[W]e find that the applicability of the NASD time limit rule is a matter presumptively for the arbitrator, not for the judge. . . . [T]he NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it.).

1    **IT IS ORDERED** that VPX's motion to appoint a new arbitrator and to begin the
2    arbitration anew (Docs. 14, 23) is **DENIED**.
3    **IT IS FURTHER ORDERED** that VPX's petition to appoint a new arbitrator
4    (Docs. 1, 13) is **DISMISSED**.  The Clerk of the Court is directed to terminate this case.
5    Dated this 16th day of June, 2022.

           _____
           Douglas L. Rayes
           United States District Judge